LEU v. OSTERWEIS BROS., Inc., et al.

(Supreme Court, Appellate Term. March 13, 1911.)

CORPORATIONS (§ 432*)—ACTIONS—EVIDENCE.

 In an action against O. Bros., a corporation, on an instrument signed L. L. O., where there was no evidence to show that the corporation ever authorized or ratified the instrument, a judgment against it thereon was erroneous.

 [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 432.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Frederick Leu against Osterweis Bros., Incorporated, and another. From a judgment against defendant Osterweis Bros., Incorporated, the corporation appeals. Reversed, and complaint dismissed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Isidore Schneider, for appellant.

William C. Findlay (George F. Hickey, of counsel), for respondent.

SEABURY, J. The action is brought upon a written instrument, a copy of which is as follows:

"New York City, June 1, 1909.

"I promise to pay to Frederick Leu, or order, in full settlement for claim against Osterweis Brothers five hundred and fifty ($550.00), twenty-five dollars down ($25.00), and twenty-five dollars each month thereafter, until the full amount is paid. Default of any payment renders the entire amount due. Payments to be mailed direct to Frederick Leu at his address, and this agreement to be returned upon full settlement.    [Signed]   Leo L. Osterweis."

Upon uncertain and unsatisfactory evidence, which tended to show that Leo L. Osterweis was a member of the firm of Osterweis Bros., a copartnership, which subsequently was incorporated under the name of Osterweis Bros., Incorporated, the plaintiff has obtained judgment against Osterweis Bros., Incorporated. There is no evidence to show that the appellant ever signed, authorized, or ratified the obligation which Leo L. Osterweis contracted when he signed the instrument set forth above. Nor is there anything in the evidence which affords justification for fastening upon the appellant the obligation of Leo L. Osterweis. The judgment rendered against the appellant is contrary to the law and the evidence, and must be reversed.

The judgment is reversed, with costs, and the complaint is dismissed as to the appellant, with costs. All concur